CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

October 30, 2025

LAURA A. AUSTIN, CLERK
BY: s/A. Beeson
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **CHRISTOPHER SHAWN MATTOX,** | ) | |
| Petitioner, | ) | Civil Action No. 7:25cv418 |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| **CHADWICK DOTSON,**[1] | ) | By:  Robert S. Ballou |
| Respondent. | ) | United States District Judge |

Christopher Shawn Mattox, a Virginia inmate proceeding *pro se*, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, asserting that he has not timely been transferred from the regional jail to the Department of Corrections, that he has not been give proper credit for his time in custody, and that the living conditions at the Virginia Western Regional Jail are poor.  For the reasons stated below, I will dismiss his petition without prejudice.

Before a petitioner may seek habeas relief in federal court, he must exhaust the remedies available to him the courts of the state in which he was convicted. 28 U.S.C. § 2254(b).  To exhaust his state remedies, Mattox must properly present his claims first to the highest state court with jurisdiction to consider them on the merits, which is the Supreme Court of Virginia in this case.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  Failure to do so "deprive[s] the state courts of an opportunity to address those claims in the first instance." *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991).  Mattox indicates that he has not raised his claims for timely transfer and proper time credit in the state court system, which is fatal to his federal claim right now.

---

[1] Under Rule 2(a) of the Rules Governing Section 2254 Cases, if the petitioner is in custody pursuant to a state court judgment, the respondent in a habeas petition shall be the state officer who has custody.  That officer is Chadwick Dotson, Director of the Virginia Department of Corrections.  Chadwick Dotson shall be named as the respondent, and the Clerk shall update the docket accordingly.

Mattox's complaints regarding the living conditions in the Regional Jail are not a proper subject for habeas review. A civil complaint under 42 U.S.C. § 1983 is the proper remedy for a prisoner making a constitutional claim regarding the conditions of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). Further, as currently stated, Mattox has failed to set out specific facts to show violation of the Eighth Amendment. To state a § 1983 claim for living conditions, a prisoner must allege facts (not conclusions) showing that a person acting under color of state law has been deliberately indifferent to an extreme deprivation of a basic human need, which deprivation caused serious physical or emotional injury. *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003).

Mattox may be able to exhaust his remedies on the habeas claim and refile it. Likewise, he may exhaust his administrative remedies on his living conditions claims and elaborate on his living conditions claim in a properly filed § 1983 suit. For these reasons, I will dismiss his claims without prejudice.

An appropriate order will be entered this day.

Enter: October 29, 2025

/s/ Robert S. Ballou

Robert S. Ballou
United States District Judge